UNITED STATES DISTRICT COURT FOR THE

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| J & J SPORTS PRODUCTIONS, INC., | Case No. 5:11-cv-05437-EJD |
| Plaintiff, | **ORDER GRANTING MOTION FOR DEFAULT JUDGMENT.** |
| v. | |
| EDWINS AYALA | **[Docket Item No. 17]** |
| Defendant. | |

Plaintiff, J & J Sports Productions moves for entry of default judgment against Defendant. Plaintiff seeks damages stemming from Defendant's alleged violations of 47 U.S.C. § 605(a), 47 U.S.C. § 553(c)(3)(A)(ii) and conversion of Plaintiff's property. The Court has considered the moving papers of Plaintiff's counsel and for the reasons discussed below, the motion is GRANTED.

## I. BACKGROUND

### A. Procedural History

Plaintiff filed the instant action on November 9, 2011. After Defendant was served with process and failed to respond, Plaintiff moved for entry of default and served the motion by mail. See, ECF No. 15. The clerk entered default on April 12, 2012. Plaintiff moved for default judgment on May 3, 2012, and has provided proof of service indicating that a copy of the notice and application for default judgment were mailed to Defendant. See, Motion, ECF No. 17.

1

Case No. 5:11-cv-05437-EJD.
ORDER GRANTING DEFAULT JUDGMENT.

**B. Factual History**

Plaintiff is a distributor and licensor of sports and entertainment programming. By contract, Plaintiff secured the domestic commercial exhibition rights to broadcast the "Tactical Warfare": a WBC Light Middleweight Championship Fight Program televised nationwide on Saturday, November 13, 2010. This Program included the main event (between Manny Pacquiao and Antonio Margarito) along with undercard (preliminary) bouts, televised replay, and color commentary ("Program"). See, Compl., ECF No. 1 at ¶ 19.

Plaintiff then entered into sublicenses with third parties such as casinos, bars, and social clubs, allowing the sublicensees to exhibit the Program to their patrons. The Program was broadcast in interstate commerce by means of an encrypted transmission, and only Plaintiff's sublicensees were entitled to decrypt that transmission.

On the day of the broadcast, November 13, 2010, Robert Solito – an investigator hired by Plaintiff – observed an exhibition of the Program at the Defendant's commercial establishment. Robert Solito's observations were later documented in a sworn affidavit. See, Decl. of Affiant, November 16, 20120, ECF No. 17 – Att. #3.

On November 9, 2011, Plaintiff filed suit against Edwins Ayala. This filing occurred after Plaintiff's efforts to resolve the matter informally, failed. The crux of Plaintiff's Complaint alleged that Defendant, and/or his employees or agents unlawfully intercepted and intentionally exhibited the Program at Defendant's establishment for the purpose of direct or indirect commercial advantage, thereby violating 47 U.S.C. § 605 and 47 U.S.C. § 553. Plaintiff's complaint also includes a pendent common-law claim of conversion.

## II. DISCUSSION

Upon default the factual allegations of the complaint, "except those relating to the amount of damages, will be taken as true." Geddes v. United Fin. Group, 559 F.2d 557, 560 (9th Cir.1977) (citing Pope v. United States, 323 U.S. 1, 65 S.Ct. 16, 89 L.Ed. 3 (1944); Flaks v. Koegel, 504 F.2d 702, 707 (2d Cir.1974)).

In the complaint, Plaintiff seeks statutory damages pursuant to 47 U.S.C. § 605(e)(3)(C), and 47 U.S.C. § 553(c)(3)(A)(ii). Plaintiff also seeks enhanced damages with respect to both these

provisions, and damages for conversion. On the instant motion for default judgment, Plaintiff primarily puts its case under § 605. It also refers to § 553. The Court thus turns to whether both these provisions apply.[1]

**A. Whether to Apply 47 U.S.C. § 605 or § 553**

Plaintiff seeks damages pursuant to § 605, which "requires proof that a defendant has (1) intercepted or aided the interception of, and (2) divulged or published, or aided the divulging or publishing of, a communication transmitted by the plaintiff." Cal. Satellite Sys. v. Seimon, 767 F.2d 1364, 1366 (9th Cir. 1985). Section 605 only applies to intercepted "radio" communications or broadcasts through the air, such as satellite broadcasts. J & J Sports Prods., Inc. v. Man Thi Doan, No. C-08-00324 RMW, 2008 WL 4911223, at *2 (N.D. Cal. Nov. 13, 2008) (citing United States v. Norris, 88 F.3d 462 (7th Cir. 1996)).

Here, Plaintiff asserts that section 605 applies in this case even though Plaintiff concedes that it cannot determine the precise means that Defendant used to receive the Program. See, Motion, ECF No. 17 at 2. Plaintiff's argument is rejected.

While there is a split of authority even within the district as to whether 47 U.S.C. § 605 applies in the instant case, courts in this district have reached the conclusion that "plaintiffs must allege facts sufficient to establish interception by satellite in order to receive an award under 47 U.S.C. § 605." See, J & J Sports Productions, Inc. v. Aviles, No. 5:10–cv–04213–JF/HRL, 2011 WL 3652621 at *1, N.D.Cal., Aug. 19, 2011; J & J Sports Prods. Inc. v. Ro, No. 09–02860 WHA, 2010 WL 668065 (N.D.Cal. Feb.19, 2010); J & J Sports Prods. Inc. v. Guzman, No. 08–5469 MHP, 2009 WL 1034218 (N.D.Cal. April 16, 2009); J & J Sports Prods. Inc. v. Manzano, No. 08–1872 RMW, 2008 WL 4542962 (N.D.Cal. Sept.29, 2011).

Because sufficient facts have not been alleged, nor has Plaintiff presented any affidavit evidence of a satellite, the Court holds that 47 U.S.C. § 605 does not apply. However, the complaint also asserts a claim under 47 U.S.C. § 553, which prohibits a person from "intercept[ing]

---

[1] See, G & G Closed Circuit Events, LLC v. Thao Xuan Vo, No. 5:10–CV–05720–EJD, 2012 WL 899955 (N.D.Cal. March 15, 2012), where the plaintiff in that case undertook a similar approach, which led to the same result as this one where there were insufficient facts to establish interception by satellite in order to trigger § 605. Damages were, however, granted under § 553.

3

Case No. 5:11-cv-05437-EJD.
ORDER GRANTING DEFAULT JUDGMENT.

or receiv[ing] or assist[ing] in intercepting or receiving any communications service offered over a cable system." § 553(a)(1).

Here, and while Robert Solito's affidavit does *not* state that he observed a cable box, it is established for purposes of this motion that Defendant intercepted the broadcast by some other means since a cable box is hidden more easily than a satellite dish. See, Accord J & J Sports Prods., Inc. v. Guzman et al., 3:08–cv–05469–MHP, 2009 WL 1034218, at *2 (N.D.Cal. April 16, 2009). As such, and unlike § 605, a permissible inference can be drawn with respect to § 553. The Court thus construes this motion as solely seeking damages under § 553, and awards damages as discussed below.

### 1. Statutory Damages Pursuant to § 553(c)(3)(A)(ii)

As a starting point, an aggrieved party may recover either actual damages pursuant to § 553(c)(3)(A)(i) or statutory damages pursuant to § 553(c)(3)(A)(ii). A court may award statutory damages of "not less than $250 or more than $10,000 as the court *considers just*." 47 U.S.C. § 553(c)(3)(A)(ii). (*Emphasis Added*.)

Within these "limitations the court's discretion and sense of justice are controlling," but it has no discretion when proceeding under this provision to go outside the upper and lower limits. See, F.W. Woolworth Co. v. Contemporary Arts, Inc., 344 U.S. 228, 233 (1952). L. A. Westermann Co. V. Dispatch Printing Co., 249 U.S. 100, 106-7 (1919), 106 -107.

To determine what the Court considers 'just' with respect to statutory damages, several cases from the Northern District of California provide factors that are illustrative of the relevant analysis. See, G & G Closed Circuit Events, LLC v. Thao Xuan Vo, 2012 WL 899955 (awarding $2400 when plaintiff presented evidence where the establishment served twenty persons) and Joe Hand Promotions, Inc. v. Dang, 2011 WL 6294289 (N.D.Cal. Dec.14, 2011) (awarding $7000 when the plaintiff presented evidence where the establishment served thirty-five (35), thirty-seven (37), and thirty-nine (39) persons during the headcounts – and the Program was shown on twelve (12) televisions.)

In this case, there are more patrons at Defendant's establishment than Dang. This tends to increase the damages award. At the same time, the Program was only viewed on one television (not

4

twelve), making the violation less blatant. In the Court's discretion, this factor tends to reduce the damages award. Moreover, the Court observes that Plaintiff seeks damages for conversion. This also reduces the statutory award under § 553(c)(3)(A). As noted below, the Court imposes damages for the value of the amount that Defendant would have been required to pay had he ordered the Program.[2]

In light of the above, the Court awards statutory damages in the amount of $2000 (whereby conversion damages have been 'factored' into the calculus.)[3] This, in the Court's view, best reflects the discretionary language of 47 U.S.C. § 553(c)(3) and the broader purposes of the statute,[4] without making the final amount unduly excessive in light of Plaintiff's successful conversion claim.[5]

**2.   Enhanced damages pursuant to 47 U.S.C. § 553(c)(3)(B)**

Under 47 U.S.C. § 553(c)(3)(B), a court may award damages where there was a willful violation for purposes of commercial advantage or private gain. In its discretion, the court may "increase the award of damages ... by an amount of not more than $50,000." These damages have come to be referred to as "enhanced" damages. In assessing enhanced damages, the courts look to factors such as 'repeated' violations and the defendant's 'intent to profit' from a violation. See, Kingvision Pay–Per–View, Ltd. v. Chavez, 2000 WL 1847644, at *3 (N.D.Cal. Dec. 11, 2000) (awarding $5000 in statutory damages where forty patrons were present in defendant's restaurant

---

[2] The Court awards $2,200 for conversion damages.

[3] While the Court's holding in this case has not gone as far as other courts outside this district (which have refused to allow double recovery for claims under 47 U.S.C. § 553(c)(3)(A)/47 U.S.C. § 605(e)(3)(C)(ii) and conversion), the Court finds no precedent to prevent it from applying its discretion in mitigating the statutory award to take into account the conversion damages. Indeed, there are no statutory standards to confine the Court (except for the upper and lower monetary limits) – and standards in the case-law are both broad and flexible to account for the varying facts in cases such as the present.

[4] See, TKR Cable Co. v. Cable City Corp., 267 F.3d 196 (3d Cir.2001), for a good discussion of the policy objectives of § 553 and the "novel" right created under the Cable Communications Policy Act of 1984.

[5] For cases outside this district, that do *not* allow for statutory damages under the federal law and state law theory, see, e.g., Joe Hand Promotions, Inc. v. Rajan, No. 10–40029, 2011 WL 3295424 (D.Mass. July 28, 2011)and J & J Sports Productions, Inc. v. J.R. 'Z Neighborhood Sports Grille, Inc., 2:09-03141-DCN-RSC, 2010 WL 1838432, at *2 (D.S.C. Apr. 5, 2010).

5

Case No. 5:11-cv-05437-EJD.
ORDER GRANTING DEFAULT JUDGMENT.

and paid $10 cover charge); Joe Hand Promotions, Inc. v. Ho, 2009 WL 3047231 (N.D.Cal. September 18, 2009) and G & G Closed Circuit Events, LLC v. Thao Xuan Vo, 2012 WL 899955.

Here, and in accordance with other default judgments involving similar facts, the Defendant appears to have enjoyed direct financial gain from the statutory violation. As discussed above, the number of patrons during the head-counts ranged from forty-eight to fifty-five. The cover charge was $10. See, Decl. of Affiant, November 16, 20120, ECF No. 17 (Att. #3) at 1-2.

Given these factors, the Court imposes an award of $5500 in enhanced damages.

### 3. Nominal damages

Plaintiff's argument with respect to this head of damages is limited. Compared with the above discussion, Plaintiff's argument on nominal damages seems to overlap and is not persuasive – particularly when the Court has found damages under other the heads of damages.

### B. Damages For Conversion

Finally, Plaintiff seeks damages with respect to conversion. In this analysis, the Court observes that courts in other districts have arrived at conflicting positions as to whether conversion damages should be awarded when statutory damages have been granted under § 553(c)(3)(A)(ii). See, Joe Hand Promotions, Inc. v. Rajan, No. 10–40029, 2011 WL 3295424, at *7 (D.Mass. July 28, 2011) and J & J Sports Productions, Inc. v. J.R. 'Z Neighborhood Sports Grille, Inc., 2:09-03141-DCN-RSC, 2010 WL 1838432, at *2 (D.S.C. Apr. 5, 2010) (albeit in the § 605 context).

Despite these conflicting positions,[6] and under controlling Ninth Circuit authority, the Court in this case imposes damages for conversion in accordance with Theme Promotions, Inc. v. News America Marketing FSI, 546 F.3d 991, 1005-06 (9th Cir. 2008, and Nintendo of Am., Inc. v. Dragon Pac. Int'l, 40 F.3d 1007, 1010 (9th Cir. 1994) (awarding both Lanham Act actual damages and Copyright Act statutory damages). See also, J & J Sports Productions, Inc. v. Wood, No. C 11–

---

[6] See, id. Whether the Ninth Circuit will consider the issue of overcompensation for statutory and conversion damages will be left to appeals by future litigants; many of whom may only be positioned to act *pro se*. Until such time, the hands of district courts, in the Northern District of California, will continued to be tied by existing precedent. Cf. Joe Hand Promotions, Inc. v. Rajan, No. 10–40029, 2011 WL 3295424, at *7 (D.Mass. July 28, 2011) ("The injury Plaintiff sustained in the § 553 claim and the conversion claim is the same, and awarding damages under conversion would amount to overcompensation.")

1160 PJH, 2012 WL 33258 (N.D.Cal. Jan. 6, 2012); J & J Sports Productions, Inc. v. Paolilli, No. 1:11–cv–00680 LJO GSA, 2012 WL 87183 (E.D.Cal., Jan. 9, 2012).

As noted above, the commercial license would have cost Defendants $2,200 and thus Plaintiff's request for such damages is appropriate; ever more so where the requisite elements of the claim have been satisfactorily pleaded. Accordingly, Plaintiff is entitled to $2,200 in damages for conversion.

### III. CONCLUSION

IT IS HEREBY ORDERED that Plaintiff's motion is GRANTED. Plaintiff shall be entitled to statutory and enhanced damages of $2000 and $5500, respectively. Plaintiff shall also be entitled to recover damages for conversion to the sum of $2,200.   In sum, an award of $9700 is granted in favor of Plaintiff.

Judgment shall be entered in favor of Plaintiff and the clerk shall close this file.

Dated: September 17, 2012



EDWARD J. DAVILA
United States District Judge

7

Case No. 5:11-cv-05437-EJD.
ORDER GRANTING DEFAULT JUDGMENT.